UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD P. LAPKEWYCH,

    Plaintiff,                                  CIVIL ACTION NO. 12-10068

    v.                                       DISTRICT JUDGE GEORGE CARAM STEEH

STATE OF MICHIGAN – BILL          MAGISTRATE JUDGE MARK A. RANDON
SCHUETTE, in his official capacity
as Michigan Attorney General,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION
TO DISMISS (DKT. 3) AND TO DISMISS PLAINTIFF'S CASE WITH PREJUDICE**

Ronald P. Lapkewych ("Plaintiff"), acting *pro se*, brought suit against the State of Michigan and its Attorney General, Bill Schuette (the "Attorney General"), challenging the constitutionality of two Michigan automobile negligence liability statutes – Mich. Comp. Laws §§ 257.401(1) and 257.402(a). Judge George Caram Steeh referred all pre-trial matters to this Magistrate Judge (Dkt. 4).

The Attorney General's motion to dismiss (Dkt. 3) is pending. Plaintiff filed a timely response to the motion (Dkt. 5); oral argument was held on March 27, 2012. Because *Younger* abstention applies or, alternatively, Plaintiff failed to state a claim, it is **RECOMMENDED** that the Attorney General's motion be **GRANTED** and that Plaintiff's case be **DISMISSED**.

**I. FACTUAL BACKGROUND**

For purposes of the Attorney General's motion to dismiss, this Court assumes that all of Plaintiff's Complaint allegations are true.

Plaintiff is the owner of an automobile that is insured under Michigan law. On December 10, 2009, Plaintiff's daughter was driving this automobile, with Plaintiff's consent, when it struck another vehicle, physically injuring the other driver. (Dkt. 1; Compl., ¶ 20). Although Plaintiff was neither the driver nor a passenger in the vehicle when the collision occurred, the injured driver filed a lawsuit against Plaintiff (and his daughter) in the Wayne County Circuit Court[1] under a Michigan statute that provides:

> The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle whether the negligence consists of a violation of a statute of this state or the ordinary care standard required by common law. The owner is not liable unless the motor vehicle is being driven with his or her express or implied consent or knowledge. *It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his* or her spouse, father, mother, brother, sister, son, *daughter*, or other immediate member of the family (emphasis added).

> Mich. Comp. Laws § 257.401(1)

Plaintiff challenges the constitutionality of this statute. Plaintiff further seeks to challenge the constitutionality of Mich. Comp. Laws § 257.402(a), which provides in pertinent part:

> In any action, in any court in this state when it is shown by competent evidence, that a vehicle traveling in a certain direction, overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway within this state, the driver or operator of such first mentioned vehicle shall be deemed prima facie guilty of negligence. This section shall apply, in appropriate cases, to the owner of such first mentioned vehicle and to the employer of its driver or operator.

Plaintiff's Complaint contains three counts – (1) that the above statues violate Plaintiff's constitutional right to due process; (2) that the statues are overbroad; and (3) that the statutes violate Plaintiff's constitutional right to equal protection.

---

[1] The state court case is *Desjardins v. Lapkewych*, Case No. 11-008627-NI, Wayne Co. Cir. Ct. (filed July 19, 2011) (Edwards, J.) During oral arguments in this matter, Plaintiff stated that the state court case is "in discovery."

Plaintiff seeks a declaration: (a) that these statutes are unconstitutional; (b) that "unless family members are engaged in a business enterprise, family members are not to be classified in a relationship such as 'principal-agent' nor 'master-servant;'" and © that "all members of a fundamental family structure have the right to be heard by a trier of fact before being sanctioned, with the aide [sic] of a State, to liability, whether directly or indirectly" (Dkt. 1; Compl. ¶¶ 68-71). Plaintiff also seeks an injunction preventing the Attorney General from enforcing the challenged statutes, and an award of attorney fees under 42 U.S.C. § 1988 and "any other applicable authority" (*Id.*, ¶¶ 72-73).

The Attorney General argues that Plaintiff's Complaint should be dismissed for several reasons: (I) Plaintiff's claims are barred by the Eleventh Amendment; (ii) this Court should abstain from considering Plaintiff's claims under *Younger* or *Burford* abstention; (iii) Plaintiff fails to state a claim; (iv) Plaintiff is not entitled to declaratory relief; and (v) Plaintiff is not entitled to injunctive relief.

## II. ANALYSIS

### A. Applicable Legal Standard

The Court may dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint-not to decide the merits of the case. It is well established that a complaint need not set forth in detail all of the particularities of the plaintiff's claim. Instead, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than

conclusions." *Ashcroft v. Iqbal*, 566 U.S. , __ , 129 S.Ct. 1937, 1950 (2009). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* The Supreme Court has indicated that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action" is insufficient).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The requisite facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. The plausibility requirement is not the same as a "probability requirement" but instead "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Examining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

A district court considering a motion to dismiss must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998); *see also Iqbal*, 129 S.Ct. at 1950 ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. *Iqbal*, 129 S.Ct. at 1950.

Moreover, a *pro se* pleading must be liberally construed and be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief ..." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard is liberal, it does require more than the bare assertions of legal conclusion. *See Lillard v. Shelby Co. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

### B. Eleventh Amendment Immunity

The Attorney General's first argument is that Plaintiff's Complaint is barred by Eleventh Amendment immunity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)).

A plaintiff can "avoid[ ] this sovereign immunity bar by suing for injunctive or declaratory relief, rather than monetary relief." *Id.* at 545 n. 1.² To determine whether a claim for such relief avoids sovereign immunity, "'a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Dubuc v. Michigan Bd. of Law Examiners*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002)). The Sixth Circuit has held that "a declaratory judgment that defendant's prior conduct violated federal law" does not satisfy this exception:

> In the present cases, plaintiffs, as a result of the change in federal law and defendant's conformance to the federal law, no longer had any ground for an injunction to prevent defendant from violating plaintiffs' rights under federal law, nor did they any longer seek such an injunction. The fundamental requirement of the *Younger* doctrine, ongoing conduct by a state official allegedly in violation of federal law, that would have empowered the District Court to issue an injunction to force compliance with federal law as an exception to the jurisdictional bar of the Eleventh Amendment was simply no longer present.

*Banas v. Dempsey*, 742 F.2d 277, 287 (6th Cir. 1984) *aff'd sub nom., Green v. Mansour*, 474 U.S. 64 (1985); c.f *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 510 (6th Cir. 2008) ("The alleged constitutional deficiency here is a one-time, past event; the plaintiffs do not seek a prospective injunction that requires the Attorney General to conform his conduct in an ongoing, continuous fashion.... Rather, they seek a declaration that the Attorney General's prior

---

² It is unclear from the Complaint whether Plaintiff sues the State of Michigan *separately* from the Attorney General or if Plaintiff sues the Attorney General alone. Paragraph 5 of the Complaint talks about a singular "Defendant" – the Attorney General (Dkt. 1, ¶ 5). However, the caption of the Complaint reads "State of Michigan – Bill Scheutte" which could plausibly be read as a suit against *two* defendants. In any event, Plaintiff cannot state a claim against the State of Michigan, since "injunctive relief is available. . .only against state officers – not the state itself – who violate federal law." *Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)). In other words, to the extent Plaintiff sues the State of Michigan, such a suit is squarely barred by Eleventh Amendment Immunity.

determination was in error and had an impermissible retroactive effect, the correction of which, incidentally, would entitle them to monetary relief.").

In this case, the Attorney General argues that Plaintiff seeks declaratory and injunctive relief that will have only a retroactive effect – that is "it would impact the law applicable to a motor vehicle accident that occurred prior to the filing of this action" (Dkt. 3; Def.'s Br. at 3). This argument is not well-taken. If this Court were to grant the relief requested by Plaintiff, the statutes at issue would be stricken down as unconstitutional and would not apply in the pending suit in the Wayne County Circuit Court. Plaintiff's Complaint requests that the Attorney General be enjoined "from enforcing the challenged statutes" (Dkt. 1; § 72). In other words, Plaintiff's requested relief is prospective, rather than retroactive. As such, Plaintiff's Complaint, on its face, appears to state a claim for prospective injunctive relief and, it is not barred by Eleventh Amendment immunity.

### C. Younger *Abstention*

The Attorney General next argues that the doctrine of abstention announced in *Younger v. Harris*, 401 U.S. 37 (1971) bars Plaintiff's lawsuit.[3] The *Younger* abstention doctrine, as established and extended by the United States Supreme Court, prohibits federal courts from issuing injunctions that serve to interfere with state proceedings. *See Younger*, 401 U.S. at 43, 46 (addressing interference with state criminal proceedings); *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975) (extending *Younger* to state civil proceedings). A federal court must consider three factors in determining whether abstention is appropriate: "(1) whether the underlying proceedings

---

[3] During oral argument held on March 27, 2012, the Attorney General withdrew the argument that *Burford* abstention barred Plaintiff's suit.

constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

The first factor is easily met in that it is undisputed that Plaintiff seeks federal court intervention in on-going state civil proceedings. The third factor is also met – Plaintiff has an adequate opportunity in the state proceedings to raise any constitutional challenge he might have. The Wayne County Circuit Court is a "trial court of general jurisdiction," and has "original jurisdiction in all matters not prohibited by law." *See* Mich. Const. Art. VI, §§ 1, 13. As such, Plaintiff can raise a constitutional challenge to the Motor Vehicle Code in state court, should he so choose.[4] *See Cooper v. Parrish*, 203 F.3d 937, 954-55 (6th Cir. 2000).

Whether the underlying state proceedings satisfy the second factor – implication of an important state interest – is a closer question. *Younger* abstention initially prohibited federal courts from interfering with ongoing state criminal proceedings. *See Younger*, 401 U.S. at 43-46. However, the doctrine later grew to prohibit federal court intervention in state civil proceedings where "important state interests" were involved. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975); *Moore v. Sims*, 442 U.S. 415, 423 (1979). A variety of state civil proceedings have been found to implicate "important state interests" for *Younger* abstention purposes. For instance, enforcing state court judgments impacts the state's ability to operate its own judicial system, a

---

[4] Plaintiff says that his attorney in the state court proceedings – hired by Plaintiff's insurance company – refuses to raise any constitutional challenge to the Motor Vehicle Code in the state proceedings (Dkt. 1; Compl. ¶ 34). However, Plaintiff is certainly free to fire his current attorney and hire a different attorney (or represent himself) and raise these issues in state court. This Magistrate Judge is not convinced that Plaintiff's current attorney's refusal to raise these constitutional challenges in state court deprives Plaintiff of an "adequate opportunity" to raise these arguments in state court.

vital interest for *Younger* purposes. *See, e.g.*, *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 12-13 (1987). States have always held primary sway over education; likewise, its close cousin "[f]amily relations [is] a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979) (requiring *Younger* abstention in case involving custody of allegedly abused children). *See also 31 Foster Children v. Bush*, 329 F.3d 1255, 1275 (11th Cir. 2003) (state foster care system); *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1268 (10th Cir. 2002) (access to adoption); *Morrow v. Winslow*, 94 F.3d 1386, 1397 (10th Cir. 1996) (adoption proceedings); *Liedel v. Juvenile Court*, 891 F.2d 1542, 1546 (11th Cir. 1990) (child abuse proceedings).

Similarly, property law concerns, such as land use and zoning questions, are frequently "important" state interests justifying *Younger* abstention. *See, e.g.*, *Carroll v. City of Mt. Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (state and local housing code enforcement); *Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico*, 889 F.2d 1181, 1182 (1st Cir. 1989) (eminent domain); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir. 1987) (nuisance ordinance "in aid of and closely related to Tempe's zoning ordinance"). Further, the law of probate, trusts, and estates – allocating the personal property of citizens – remains an important interest of the states for *Younger* purposes. *See, e.g.*, *Williams v. Adkinson*, 792 F. Supp. 755, 766 (M.D. Ala. 1992) (distribution of decedent's property).

Matters relating to public health are not infrequently under the purview of the states, and may justify abstaining under *Younger*. *See, e.g.*, *Brach's Meat Mkt., Inc. v. Abrams*, 668 F. Supp. 275 (S.D.N.Y. 1987) (state regulation of kosher meat sales). Similarly, the regulation and licensing of health care professionals may be an important interest under the states' residual police powers and bear on the abstention decision. *See, e.g.*, *Green v. Benden*, 281 F.3d 661, 666

(7th Cir. 2002) (suspension of psychologist's state license); *Majors v. Engelbrecht*, 149 F.3d 709, 713 (7th Cir. 1998) (suspension of nurse's license); *Watts v. Burkhart*, 854 F.2d 839, 846 (6th Cir. 1988) (suspension of medical license).

The Attorney General does not cite any case suggesting that a state automobile negligence proceeding implicates some "important state interest." There is, however, some authority that supports this position. *See, e.g., Berry v. Seeley*, 2:10-CV-162, 2010 WL 5184883 *6 (E.D. Tenn. Dec. 15, 2010) (state negligence law is an important state interest).

The case pending against Plaintiff in the Wayne County Circuit Court implicates two long-standing Michigan statutes relating to certain presumptions in automobile negligence liability cases. The important public policy underlying Michigan's owner liability statute is to ensure financial responsibility for those injured as a result of negligent operation of motor vehicles. *See Citizens Mut. Automobile Ins. Co. v. Fireman's Fund Ins. Co.*, 234 F.Supp. 931, 935 (W.D. Mich., 1964). Therefore, this Magistrate Judge finds that the Court should abstain from considering Plaintiff's constitutional challenge.

### D. *Plaintiff Fails To State A Claim*

This Court now looks to whether Plaintiff has stated a valid claim. As noted earlier, Plaintiff's Complaint brings three claims: (1) that the statues in question violate Plaintiff's constitutional right to due process; (2) that the statues are overbroad; and (3) that the statutes violate Plaintiff's Constitutional right to equal protection. This Magistrate Judge finds that Plaintiff has failed to state a claim that the two Motor Vehicle Code states at issue are somehow constitutionally infirm.

### 1) Plaintiff Fails To Plead A Due Process Violation

Regarding his Due Process claim, Plaintiff's Complaint directs most of its fire towards Mich. Comp. Law § 257.401 (Dkt. 1; Compl. ¶¶ 43-46). This law, known as the owner's liability statute or "family car doctrine," was originally enacted in 1949 and provides a cause of action against owners of motor vehicles arising from the negligent operation of those vehicles by authorized users. *See Travelers Ins. v. U-Haul of Michigan*, 235 Mich. App. 273, 275 (1999). More specifically, the statutory provision challenged by Plaintiff holds that when a vehicle causing injury is driven by someone other than the owner, "It shall be presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of the injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family." Mich. Comp. Laws § 257.401(1). The purpose of the statute is to place the risk of damage or injury on the owner – the person who has ultimate control of the vehicle – as well as on the person who is in immediate control of the vehicle. *See Roberts v. Posey*, 386 Mich. 656, 662 (1972).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The Supreme Court has "long recognized that the Amendment's Due Process Clause, like its Fifth Amendment counterpart, 'guarantees more than fair process.' The Clause also includes a substantive component that 'provides heightened protection against government interference with certain fundamental rights and liberty interests.'" *Troxel v. Granville*, 530 U.S. 57, 65 (2000) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 719–20 (1997)).

The first issue in this area of jurisprudence is the proper characterization of the individual's asserted right. *See Reno v. Flores*, 507 U.S. 292, 302 (1993). Governmental actions that infringe a fundamental right receive strict scrutiny. *See Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000). Otherwise, they receive rational-basis review, which requires them only to be "rationally related to a legitimate state interest." *Id.* at 575. Plaintiff faces an uphill battle in claiming that strict scrutiny applies. The list of fundamental rights "is short," *id.*, and "the Supreme Court has expressed very little interest in expanding" the list. *Id.* Whether it be the right to marry, the right to have children, the right to direct the educational upbringing of one's child, the right to marital privacy, the right to use contraception, the right to bodily integrity or the right to abortion, *see Washington v. Glucksberg*, 521 U.S. 702, 720 (1997), none of these fundamental rights has much, if anything, in common with the right to be free from a presumption that a car owner consented if an immediate family member borrows the owner's car. As such, this Court finds that Plaintiff's claim does not implicate some fundamental right. *See, e.g., Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, *2 (6th Cir. Dec.7, 2000) (holding that "there is no fundamental right to drive a motor vehicle"). Thus, the challenged statutes need only survive a rational basis review.

A statute will be considered constitutional under rational-basis review if there is "any reasonably conceivable state of facts that could provide a rational basis for" it. *FCC v. Beach Commc'ns,* 508 U.S. 307, 313 (1993). The Supreme Court has explained the application of this standard of review as follows:

> On rational-basis review, a classification in a statute ... comes to us bearing a strong presumption of validity, and those attacking the rationality of the legislative classification have the burden to negative every conceivable basis which might support it. Moreover, because we never require a legislature to articulate its

reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature.

*Id.* at 314–15. The burden on the plaintiffs under rational-basis review is therefore a heavy one. *See Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 503-04 (6th Cir. 2007).

In this case, the challenged statutes have a rational basis, and Plaintiff has failed to state a claim indicating otherwise. The United States Supreme Court has held, as a general matter, that "the power of the State to regulate the use of its highways is broad and pervasive." *Bibb v. Navajo Freight Lines Inc.,* 359 U.S. 520, 523 (1959); *see also Reitz v. Mealey*, 314 U.S. 33, 35 (1941) overruled in part on other grounds by *Perez v. Campbell,* 402 U.S. 637, 652-654 (1971) (holding that the "use of the public highways by motor vehicles, with the consequent dangers, renders the reasonableness and necessity of regulation apparent"). Mich. Comp. Laws § 257.401 is rationally related to a legitimate interest of placing the risk of injury upon the person who has ultimate control over the family car – the owner. As to Mich. Comp. Laws § 257.402, this statute is rationally related to the efficient adjudication of automobile negligence cases. This law creates a rebuttable presumption of negligence against drivers who "rear-end" other drivers. Plaintiff cites no case suggesting that such rebuttable presumptions in automobile negligence actions are somehow constitutionally suspect, nor is this Magistrate Judge aware of any such case. In sum, Plaintiff fails to state a claim that the challenged statutes violate his right to due process.

### 2) Plaintiff Fails To State A Claim That The Statues Are Overbroad

Plaintiff's second claim is that the two statutes are "overbroad" (Dkt. 1; Compl. ¶¶ 48-55). The overbreadth doctrine is primarily concerned with facial challenges to laws under the First Amendment. According to the First Amendment overbreadth doctrine, a statute is facially

invalid if it prohibits a substantial amount of protected speech. *See United States v. Williams*, 553 U.S. 285, 292 (2008). Plaintiff's Complaint does not sufficiently allege how the challenged statutes somehow run afoul of the First Amendment. Instead, Plaintiff's Complaint merely alleges, in conclusory fashion, that the statutes are "overbroad in...application to Plaintiff" (Dkt. 1; Compl. ¶ 48). This bare legal conclusion is insufficient to plead a viable claim that the statutes are somehow unconstitutionally "overbroad." As such, Plaintiff's second count fails to state a legally viable claim.

Although not clearly pled in the Complaint, a possible alternative ground for facial invalidation is that a statute is void for vagueness.[5] The vagueness doctrine is an outgrowth not of the First Amendment, but of the Due Process Clauses of the Fifth and Fourteenth Amendments. *See United States v. Williams*, 553 U.S. 285, 304 (2008); *Belle Maer Harbor v. Charter Township of Harrison,* 170 F.3d 553, 556 (6th Cir.1999) (citation omitted). "It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits...." *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–403 (1966). "To withstand a facial challenge, an enactment must define the proscribed behavior with sufficient particularity to provide a person of ordinary intelligence with reasonable notice of prohibited conduct and to encourage non-arbitrary enforcement of the provision." *Belle Maer Harbor,* 170 F.3d at 557.

In this matter, there is no valid claim that the challenged statutes are somehow vague. This Magistrate Judge finds that persons of ordinary intelligence would understand the statutes

---

[5] Plaintiff's response to the Attorney General states that his "focus is on the vagueness of the statute" (Dkt. 5; Pl.'s Resp. at 6). Thus, Plaintiff attempts to clarify that his "overbroad" claim is actually a "vagueness" challenge.

challenged by Plaintiff. In fact, Plaintiff's pleadings demonstrate that he understands perfectly well how the statutes operate – i.e., they create certain presumptions in automobile negligence actions. In sum, Plaintiff has not stated a legally viable claim that the statues at issue are somehow unconstitutionally vague.

### 3) Plaintiff Fails To State An Equal Protection Claim

Finally, Plaintiff's Equal Protection claim (Dkt. 1; Compl. ¶¶ 57-66) also fails to state a claim. The Equal Protection Clause protects against arbitrary classifications, and requires that similarly situated persons be treated equally. *See* U.S. Const. Amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Attorney General contends that Plaintiff has not alleged a sufficient factual basis to support an equal protection claim. Specifically, the Attorney General argues that Plaintiff is not a member of a protected class. This argument is well-taken. Here, Plaintiff has not alleged that he is a member of a protected class.[6] As a result, this Court would only be required to determine whether the statutes at issue pass rational scrutiny. *See G.D. Searle & Co. v. Cohn*, 455 U.S. 404, 408 (1982) ("In the absence of a classification that is inherently invidious or that impinges upon fundamental rights, a state statute

---

[6] Neither does Plaintiff state a legally cognizable "class-of-one" Equal Protection claim. The Supreme Court recognized the viability of class-of-one claims in *Village of Willowbrook v. Olech,* noting that the Equal Protection Clause's purpose "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." 528 U.S. 562, 564 (2000) (per curiam) (quotations omitted). In *Olech,* the Court laid out the basic requirements for a valid class-of-one claim: a plaintiff must allege "that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* Plaintiff makes no allegation that he was somehow treated differently by the challenged statutes from other vehicle owners/motorists. Actually, quite to the contrary, Plaintiff's response to the Attorney General's motion to dismiss acknowledges that "all [automobile] owners are treated similarly through the court system..." (Dkt. 5; Pl.'s Resp. at 6).

is to be upheld against equal protection attack if it is rationally related to the achievement of legitimate government ends.").

As discussed above, Plaintiff fails to state a claim that the challenged statutes fail to pass constitutional muster under a rational basis review. As such, Plaintiff has not stated a viable Equal Protection claim.

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** the Attorney General's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon  
MARK A. RANDON  
UNITED STATES MAGISTRATE JUDGE

Dated: April 12, 2012

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served April 12, 2012, on the parties of record electronically and/or by first class mail.*

s/Barbara M. Radke  
Judicial Assistant to Magistrate Judge Mark Randon