UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD P. LAPKEWYCH,

       Plaintiff,

                                          Case No. 12-CV-10068
v.                                         HON. GEORGE CARAM STEEH

STATE OF MICHIGAN - BILL
SCHUETTE, in his official capacity
as Michigan Attorney General,

       Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION (#7), GRANTING DEFENDANT'S MOTION TO DISMISS (#3), AND DISMISSING CASE

Plaintiff is the owner of an automobile that is insured under Michigan law. In 2009, plaintiff's daughter was driving this automobile, with plaintiff's consent, when it struck another vehicle and physically injured the other driver. Although plaintiff was not driving the vehicle when the collision occurred, the injured driver sued plaintiff in the Wayne County Circuit Court under Mich. Comp. Laws § 257.401(1), which provides:

> The owner of a motor vehicle is liable for an injury caused by the negligent operation of the motor vehicle . . . [whenever] the motor vehicle is being driven with his or her express or implied consent or knowledge. It is presumed that the motor vehicle is being driven with the knowledge and consent of the owner if it is being driven by . . . [an] immediate member of the family.

On January 6, 2012, plaintiff, acting *pro se*, filed this lawsuit against the State of Michigan and its Attorney General, Bill Schuette, challenging the constitutionality of both this statute and Mich. Comp. Laws § 257.402(a) (establishing a presumption that in rear-end collisions, the driver of the rear car is prima facie guilty of negligence). The case was referred to Magistrate Judge Randon for all pre-trial matters. On February 6, 2012,

defendant filed a motion to dismiss. Plaintiff filed a response to the motion and a hearing was held. On April 12, 2012, Magistrate Judge Randon issued a report and recommendation. Magistrate Judge Randon recommended that defendant's motion to dismiss be granted because the Younger abstention doctrine applies and, alternatively, because plaintiff failed to state a claim. On April 20, 2012, plaintiff filed objections to the report and recommendation. For the reasons set forth below, the court overrules plaintiff's objections and adopts Magistrate Judge Randon's report and recommendation as to the application of the Younger abstention doctrine. Because abstention is proper, the court need not address whether plaintiff failed to state a claim.

*Standard of Review*

"A judge of the court shall make a de novo determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

*Analysis*

The Younger abstention doctrine provides that federal courts should abstain from deciding matters when there is an ongoing state action in which "the moving party has an adequate remedy at law." Younger v. Harris, 401 U.S. 37, 43 (1971). The doctrine is based on the notion of comity and is designed "to allow the State an opportunity to set its own house in order when the federal issue is already before a state tribunal." Ohio Bureau of Employment Servs. v. Hodory, 431 U.S. 471, 479-80 (1977) (internal citations omitted). A federal court considers three factors in determining whether abstention is appropriate: "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an

adequate opportunity in the state proceedings to raise a constitutional challenge." Fieger v. Cox, 524 F.3d 770, 775 (6th Cir. 2000). Plaintiff objects to each prong of the Younger abstention test being met.

First, plaintiff contends that the Wayne County matter does not constitute an ongoing judicial proceeding because the State of Michigan is not a party to that case. It is true that "Younger abstention is generally an issue where the state is the plaintiff in the state case and the defendant in the federal proceeding and the federal plaintiff is the defendant in the state case." Executive Arts Studio, Inc. v. City of Grand Rapids, 179 F.Supp.2d 759, 759 (W.D. Mich. 2001). However, this commonality is not a requirement. See Am. Elec. Power Co. v. Ky. Pub. Serv. Comm'n, 1986 WL 16708, at *3 (6th Cir. March 24, 1986) (per curiam) (holding that "[f]ormal denominations of plaintiff and defendant should not be applied mechanically" in the context of Younger abstention). The Supreme Court has held that even when a state court proceeding is between private parties, the state's interest can be sufficient as to require Younger abstention. Penzoil v. Texaco, 481 U.S. 1, 17 (1987). Because that is the case here, plaintiff's objection is overruled.

Second, plaintiff again uses the fact that the state is not a party to the underlying state action to argue that no important state interest can be implicated. However, it has been clearly established that a state can have an important interest in cases between private parties. Id. at 13-14. Here, Magistrate Judge Randon found such an important interest in Michigan's ability to maintain its system of negligence law. (R&R 10, citing Berry v. Seeley, 2:10-CV-162, 2010 WL 5184883 *6 (E.D. Tenn. Dec. 15 2010)). Similarly, courts have recognized an important interest in a state's ability to administer its judicial system. See Middlesex County Comm. v. Garden State Bar Assn., 457 U.S. 423, 432

(1982). For both of these reasons, plaintiff's argument that no state interest is implicated fails and the objection is overruled.

Finally, plaintiff objects to his having the opportunity to raise a constitutional challenge in state court. This objection is without merit. As Magistrate Judge Randon found, it is not enough that plaintiff's current attorney refuses to raise the challenges in state court. (R&R 8.) The Supreme Court has established that the burden "rests on the federal plaintiff to show that state procedural law barred presentation of [his] claims" and that "when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Penzoil, 481 U.S. at 14-15. In the absence of such authority, plaintiff's objection is overruled.

*Conclusion*

For the reasons set forth above, the court overrules plaintiff's objections and adopts Magistrate Judge Randon's report and recommendation as to the application of the Younger abstention doctrine. Because abstention is proper, the court need not address whether plaintiff failed to state a claim. Plaintiff's complaint is hereby DISMISSED.

SO ORDERED.

Dated: July 31, 2012

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Ronald P. Lapkewych, 15725 Kingsley Street, Southgate, MI 48195, on July 31, 2012, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk